UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Garrett Patrick Ziegler,<br><br>Defendant. | Case No. 0:20-CR-00188-SRN<br><br><br>**ORDER** |

William C. Mattessich, Andrew M. Luger, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Garrett Patrick Ziegler, Reg. No. 22421-041, Federal Correctional Institution Sandstone, P.O. Box No. 1000, Sandstone, MN 55072, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Garrett Patrick Ziegler's Pro Se Motion for Compassionate Release [Doc. No. 57]. The Government filed a response in opposition [Doc. No. 63]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully **GRANTS** Mr. Ziegler's Motion for Compassionate Release.

**I.    BACKGROUND**

   **A.    Procedural and Factual Background**

On June 1, 2020, Mr. Ziegler was charged by criminal complaint with one count of aiding and abetting arson of a building used in interstate commerce, a violation of 18 U.S.C. §§ 2 and 844(i), and with one count of aiding and abetting the possession of unregistered

1

destructive devices (Molotov cocktails), a violation of 26 U.S.C. § 5861(d) and of 18 U.S.C. § 2 (Compl. [Doc. No. 1].) The complaint alleges that during a period of significant protest and civil unrest in and surrounding Minneapolis, Minnesota in the wake of the death of George Floyd, Mr. Ziegler, along with his co-defendant, used Molotov cocktails to start multiple fires inside the Dakota County Western Service Center (Thomas Aff'd. at 2–3 [Doc. No. 1].)

In August 2020, Mr. Ziegler pleaded guilty to count one, aiding and abetting arson. (Plea Agreement [Doc. No. 52].) On February 12, 2021, the Court sentenced Mr. Ziegler to a 60-month term of imprisonment (Sent. J. [Doc. No. 54] at 2.) Additionally, this Court ordered as part of the sentence that Mr. Ziegler pay restitution to victims in the amount of $205,872.53. *Id*. at 6. The Court further ordered that Mr. Ziegler shall be on supervised release for a term of 3 years upon release from imprisonment. *Id*. at 3.

Mr. Ziegler is currently incarcerated at Sandstone FCI in Sandstone, Minnesota, and his projected release date is August 31, 2024. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed September 7, 2023). The Court understands from Probation that Mr. Ziegler has a prerelease date of March 4, 2024, at which time he will reside at a residential reentry center until the start of his term of supervised release on August 31, 2024. Probation has in place a proposed release plan for Mr. Ziegler's term of supervised release. Ms. Ziegler's mother voluntarily provided Probation with a tour of her home, and Probation approved her home as a release residence in anticipation of Mr. Ziegler helping to care for her.

Mr. Ziegler's mother is diagnosed with stage IV metastatic adenocarcinoma (a form of traveling cancer) of the lung to bone. (Letter from HealthParenters Oncology [Doc. No. 59].) Ms. Ziegler is starting an oral therapy and infusion regimen and will continue it for as long as it remains effective, with monitoring conducted by the hospital through lab work, imaging, and monthly provider home visits. *Id*. A nurse practitioner advised the government that Ms. Ziegler is currently responding well to her treatments, however the practitioner also advised that due to the advanced stage of the cancer they are unable to project how long the treatments will remain effective. (Gov't's Opp'n Mem. [Doc. No. 63] at 4.) The Court understands from Probation that Ms. Ziegler lives alone, and that Mr. Ziegler's brother lives in Georgia and is unable to relocate to help care for their mother. Probation advised the Court that during the home visit, Probation observed Ms. Ziegler having difficulty walking for an extended period of time.

Mr. Ziegler sought early release from the warden of Sandstone FCI on July 3, 2023, to care for his mother in light of her diagnosis. (Mot. Exs., Ex. B "BOP Request" [Doc. No. 58].) On July 12, 2023, the warden denied Mr. Ziegler's request. *Id*.

**B.      Parties' Positions**

In his Motion for a Sentence Reduction, Mr. Ziegler seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Ziegler specifically argues that being the only available caregiver for his ailing mother is an extraordinary and compelling reason warranting compassionate release. (Mot. for Release [Doc No. 57] at 2.) Mr. Ziegler states that this diagnosis is associated with a painful and debilitating end of life trajectory, and that his brother recently moved to Georgia for a new job and cannot be expected to assist in their mother's care.

3

Mr. Ziegler asks that the Court consider as interpretive guidance the United States Sentencing Commission's Proposed Amendment 1B1.13, cmt. n. 3(C), which takes effect on November 1, 2023, pending no contrary action from Congress, and which includes "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as a family circumstance which may warrant relief. *Id*. Mr. Ziegler further argues that a sentence reduction to time served would be consistent with the sentencing factors in 18 U.S.C. § 3553(a), in particular because he has already served a significant portion of his sentence without any disciplinary action and because he has demonstrated rehabilitative efforts during his time in prison.

The Government opposes Mr. Ziegler's request. (*See* Gov't's Opp'n Mem.) The Government argues in response that Mr. Ziegler's mother's diagnosis is not in and of itself an extraordinary and compelling reason for the release of Mr. Ziegler. *Id*. at 8. The Government argues that proposed guidelines not yet in effect cannot be a legal basis for relief, and that even under the proposed guidelines Mr. Ziegler has not presented sufficient evidence to demonstrate that his mother is incapacitated or that he is the only available caregiver. *Id*. at 8–9. The Government also argues that, although Mr. Ziegler has undergone mental health treatment in prison and maintained a clean disciplinary record, he remains a public safety risk and the seriousness of his offense would make release inconsistent with the § 3553(a) sentencing factors. *Id*. at 10–12.

Probation does not take a formal position on Mr. Ziegler's Motion for Compassionate Release. That said, the Court understands that Mr. Ziegler's mother's home was already approved by Probation as a release residence for Mr. Ziegler, for the purpose

4

of Mr. Ziegler acting as a caretaker. The Court further understands from Probation that no additional special conditions of release would be recommended should the Court order compassionate release.

## II. DISCUSSION

### A. The Law

Pursuant to the First Step Act, a court may reduce a prisoner's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A defendant may only bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A).

While § 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that might warrant a reduction in sentence, Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" justifying a reduction of sentence, including the "medical condition of the defendant," the defendant's "age" and "family circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). The policy statement also provides a catch-all provision, allowing courts to consider "other extraordinary and compelling reasons that exist either separately or in

5

combination with previously described categories." *United States v. Walker*, No. 16-cr-33(1), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

To apply the Commission's guidance above, in conjunction with the amended statutory directive in 18 U.S.C. § 3582(c)(1)(A), numerous district courts, including in this district, have found that the following three issues must be considered in evaluating a compassionate release application: (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. Johnson*, No. 18-cr-0271, 2021 WL 2498524, at *2 (D. Minn. June 3, 2021), *aff'd*, No. 21-2339, 2021 WL 6197342 (8th Cir. June 21, 2021); *see also United States v. Perez*, No. 16-cr-154(4), 2022 WL 911563, at *2 (D. Minn. Mar. 29, 2022).

The Sentencing Commission submitted proposed amendments to its guidelines to Congress on April 27, 2023, and those amendments will become effective on November 1, 2023, unless Congress chooses to reject or modify them before that date. U.S. Sent'g Comm'n, "Notice of submission to Congress of amendments to the sentencing guidelines effective November 1, 2023, and request for comment," 88 FR 28254 (May 3, 2023). The amended guidelines expand the "family circumstances" category of "extraordinary and compelling circumstances" to include the following: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." and "The defendant establishes that circumstances similar to those listed in paragraphs (3)(A)

through (3)(C) exist involving any other immediate family member or individual whose relationship with the defendant is similar in kind to that of an immediate family." *Id*. at 28255. The Court is permitted, but not required, to consider these pending amendments as guidance for its analysis. *United States v. Riehl*, 779 F.3d 776, 778 (8th Cir. 2015); *United States v. Allebach*, 526 F.3d 385, 389 (8th Cir. 2008).

"As the movant, [t]he burden rests with the defendant to show that [he] is entitled to a sentence reduction." *United States v. Ocanas*, 516 F. Supp. 3d 936, 939 (D. Minn. 2021); *see also United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("[T]he movant bears the burden of establishing "extraordinary and compelling reasons" that warrant a sentence reduction.").

### B.   Analysis

#### 1.   Mr. Ziegler has exhausted all administrative remedies available.

The Court first considers whether it has the authority to grant Mr. Ziegler's motion. As explained above, a court may only reduce a defendant's sentence under the compassionate release statute after the defendant has fully exhausted all administrative remedies available. *See* 18 U.S.C § 3582(c)(1)(A).

Mr. Ziegler first made his request for relief to the warden of Sandstone FCI, and that request was denied shortly thereafter. He filed this motion for relief subsequent to the warden's denial. The Government does not contest that Mr. Ziegler has fully exhausted his administrative remedies through the Bureau of Prisons. Accordingly, the Court finds that Mr. Ziegler is eligible for relief under the statute and proceeds with the remaining analysis.

### 2. Mr. Ziegler demonstrates "extraordinary and compelling reasons" warranting release.

Mr. Ziegler requests release due to his status as the only available caregiver for his ailing mother. The Court first determines whether such a situation alone can suffice as an extraordinary and compelling reason warranting release.

"Some courts have found extraordinary and compelling grounds for compassionate release if a defendant demonstrates that (1) a parent is incapacitated and (2) the defendant is the only possible caregiver for that parent." *United States v. Brown*, No. 16-cr-0427, 2022 WL 1664474, at *2 (D. Md. May 25, 2022) (quoting *United States v. Allen*, No. 13-cr-0024, 2021 WL 3025458, at *3 (W.D. Va. July 16, 2021)); *e.g.*, *United States v. Dixon*, 13-cr-302, 2023 WL 1477836, at *3 (D. Minn. Feb. 2, 2023); *United States v. Alvarado*, 569 F. Supp. 3d 1039, 1043 (S.D. Cal. 2021); *United States v. Bucci*, 409 F.Supp.3d 1, 2 (D. Mass. 2019); *United States v. Merkel*, No. 08-cr-00160, 2023 WL 4491498, at *2 (D. Haw. July 12, 2023); *United States v. Jones*, No. 13-cr-252, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021); *also see United States v. Reyes*, No. 04-cr-970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020) (finding the need to care for an aunt with stage 4 cancer to be an extraordinary and compelling reason warranting release). Other courts have not. *See, e.g.*, *United States v. Striganivicz*, No. 95-cr-271, 2023 WL 4868100, at *1 (E.D. Pa. July 31, 2023) ("Perhaps most fatal for Defendant's motion for compassionate release, judges in the United States District Court for the Eastern District of Pennsylvania have yet to find care for elderly or ill parents rises to the level of extraordinary and compelling circumstances warranting release." (internal quotations omitted).

The Court finds persuasive the opinions of numerous district courts around the country that being the sole available caregiver for an incapacitated parent is within the spirit of the family circumstances guidelines category. *See Bucci*, 409 F.Supp.3d at 2 ("Mr. Bucci's circumstances are similar to those that the Sentencing Commission specifically articulated as examples of "extraordinary and compelling reasons" in its policy guidance . . . This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse."). Such a circumstance thus may suffice as an extraordinary and compelling reason warranting release under the catchall provision. The Court is further persuaded of this interpretation by the pending guidelines amendments, which would explicitly state that being the sole caretaker for an incapacitated parent is an "extraordinary and compelling reason" that may warrant release. *See Merkel*, 2023 WL 4491498, at *2 (finding that release is warranted due to the defendant's status as the sole caregiver to his ailing mother, and noting that release under those facts is consistent with the proposed amendments to the sentencing guideline policy statements).

The Government argues that the evidence fails to demonstrate that Mr. Ziegler's mother is incapacitated or that she needs his help. Respectfully, the Court disagrees. Ms. Ziegler's diagnosis for an advanced stage of spreading cancer is corroborated in the record by the hospital, Probation, and the Government itself. Ms. Ziegler lives alone, and has no one to care for or watch her beyond monthly provider visits. The Court understands that Probation met with Ms. Ziegler and observed her having difficulty walking. The Court finds that, given the circumstances, Ms. Ziegler is incapacitated and the need to care for her presents an extraordinary and compelling circumstance.

The Government also argues that Mr. Ziegler failed to establish himself as the *only* available caregiver for his mother. Again, the Court respectfully disagrees. Mr. Ziegler's mother lives alone and has no other family in Minnesota. Mr. Ziegler's parents are divorced and his father lives in Florida. Mr. Ziegler's only sibling, an older brother, recently moved to Georgia to start a new job and is unable to relocate. The Government argues that Mr. Ziegler does not explain why living and working as an engineer in Georgia makes his brother unavailable to serve as a caretaker for his mother in Minnesota. The Court again respectfully disagrees and finds that Mr. Ziegler's brother is not an available caregiver for his mother. *See, e.g.*, *United States v. Pepper,* 851 F. App'x 890, 891 (10th Cir. 2021) (assuming the defendant is the only available caregiver for his parents after his sister relocated to another state, but denying compassionate release on other grounds); *Dixon*, 2023 WL 1477836, at *3 (finding that the defendant is the only available caregiver when his mother's daughters "do not live near her and are unable to care for her"); *United States v. Daham*, No. 2:17-cr-60, 2021 WL 279971, at *1, n. 2 (D. Me. Jan. 27, 2021) (finding that siblings who live overseas or are prevented from caring for parents by family dynamics are not considered available caregivers). The Court thus finds that Mr. Ziegler sufficiently established himself as his mother's only available caregiver.

Altogether, the Court finds that extraordinary and compelling reasons warrant a sentence reduction in this case consistent with the Sentencing Commission's Policy Statement, based on Mr. Ziegler's status as the only available caregiver for his ailing and incapacitated mother.

### 3. The § 3553(a) factors weigh in favor of a sentence reduction.

The Court next considers whether the sentencing factors under § 3553(a) weigh in favor of a reduction to Mr. Ziegler's sentence. "When considering a motion for compassionate release, the Court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant." *United States v. Penglase*, No. 17-cr-327, 2023 WL 2571824, at *3 (D. Minn. Mar. 20, 2023). This Court considered these factors when it sentenced Mr. Ziegler to a 60-month prison term in February of 2021.

Mr. Ziegler has served over 75 percent of his sentence, inclusive of good time, and is scheduled to be relocated to a residential reentry center in less than 6 months (on March 4, 2024). During his time in prison, Mr. Ziegler has had no disciplinary issues, has received good work evaluations during his employment as an orderly, has participated in programming and completed a drug education course, and has made all of his monthly restitution payments. (Mot. for Release at 1.) Mr. Ziegler has further maintained a "low" risk of recidivism rating. *Id*. The Court finds that given Mr. Ziegler's forthcoming prerelease date, lack of disciplinary issues, and demonstrated rehabilitation, the sentencing factors weigh in favor of compassionate release. *See Dixon*, 2023 WL 1477836, at *3 (finding that the sentencing factors weigh in favor of release for an inmate who has already transitioned to a prerelease residential reentry center, who had minimal disciplinary issues in prison, and demonstrated rehabilitation during his incarceration).

      **4.      Mr. Ziegler is not a danger to any other person or the community.**

The Court also finds that Mr. Ziegler does not present a danger to any person or the community. The Court acknowledges the serious and violent nature of the offense conduct. That said, the Court notes that the offense was Mr. Ziegler's first and only reported interaction with law enforcement, that he quickly admitted responsibility for the offense, and that he has maintained a clean disciplinary record since his sentencing. Mr. Ziegler has further engaged in commendable rehabilitative efforts, including undergoing mental health and substance abuse treatment, during his time in custody. The Court understands from Probation that a proposed release plan is already in place for Mr. Ziegler, and that his mother's home has already been approved as a residence for his term of supervised release. The Court further understands that Probation does not recommend any additional special conditions to protect the public in the event of an accelerated release date. The Court finds that continuing Mr. Ziegler's custody status is not necessary to promote public safety at this time, and that the previously ordered three years of supervision upon his release will adequately address any public safety concerns.

**III.    ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Garrett Patrick Ziegler's Pro Se Motion for Compassionate Release [Doc. No. 57] is respectfully **GRANTED**. It is further ordered:

A. Defendant shall be released from the custody of the Bureau of Prisons immediately.

B. Defendant will begin a three-year term of supervised release immediately, under the Court's previously ordered conditions of supervised release.

**IT IS SO ORDERED.**


Dated: September 7, 2023                     /s/ Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge